# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal No.: 2:08-1237-PMD |
| ) | |
| Rashad S. Muhammad, ) | |
| ) | **Order** |
| Defendant. ) | |
| _____ ) | |

This matter is before the court upon Defendant Rashad Muhammad's ("Defendant") Motion to Reconsider the court's March 27, 2009 Order, denying Defendant's motion to suppress evidence seized by the City of North Charleston Police as well as any out-of-court identification of him. Defendant also moves the court to dismiss this action against him for lack of due process because the Government has allegedly failed to provide surveillance video taken of Defendant and failed to provide any photographic line-up evidence. The court denies Defendant's motions.

## ANALYSIS

### I. Motion to Reconsider

On March 27, 2009, the court denied Defendant's Motion to suppress out-of-court identification evidence. He now asks the court to reconsider the denial of that motion. The district court has considerable discretion in deciding whether to modify or amend an order. *Gagliano v. Reliance Std. Life Ins. Co.*, 547 F.3d 230, 248 n.8 (4th Cir. 2008). A motion to alter or amend a judgment under Rule 59(e) is a remedy to "be used sparingly," and the Fourth Circuit has determined that such a motion is appropriate on three different grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins.*

*Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Defendant has not provided any new evidence or shown that the court made a clear error of law in denying Defendant's motion to suppress out-of-court identification evidence. The evidence and case law relied upon by Defendant in his motion could have been presented in his original motion and argument before the court on March 25, 2009; likewise in its March 27, 2009 Order, the court analyzed the factors discussed by Defendant in his Motion to Reconsider. After considering Defendant's arguments, the court stands by its original decision and denies Defendant's Motion to Reconsider.

## II. <u>Motions to Dismiss</u>

Defendant also moves the court to dismiss this action against him based on the Government's alleged failure to provide video taken from a pole surveillance camera, which Defendant argues is central to his ability to challenge the out-of-court identification of him. According to the Government, it informed Defendant during discovery on February 11, 2009, that a technical malfunction occurred during law enforcement's attempt to download the video surveillance; therefore, it appears the video does not exist. While this may present evidentiary issues for trial, it does not warrant the dismissal of this prosecution. Defendant also moves to dismiss this action based on the Government's alleged failure to provide photographic line-up evidence. According to the Government, no such evidence exists in this case as a photographic line-up was never used by law enforcement. It asserts the only photographs used in this case are those police discovered during the execution of a search warrant and which were admitted into evidence during Defendant's motion to suppress hearing. Thus, Defendant's Motions to Dismiss on this ground are denied.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that Defendant Rashad S. Muhammad's Motion to Reconsider and Motions to Dismiss are **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**October 14, 2009**
**Charleston, SC**